**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Amazon.com Services LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ALK Global Logistics LLC,<br><br>    Defendant. | Case No.  1:26-cv-4048 |

## COMPLAINT

Plaintiff Amazon.com Services LLC ("Amazon" or "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against ALK Global Logistics LLC ("ALK" or "Defendant"), alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a straightforward breach-of-contract and collection action arising from Defendant ALK's failure to pay undisputed amounts owed for air cargo transportation and related services provided by Amazon pursuant to a written Air Transportation Agreement (Cargo) dated November 5, 2024 (the "Air Transportation Agreement") and an associated work order.

2. Despite repeated notices of breach and opportunities to cure, ALK failed to pay amounts indisputably due and owing.  Amazon terminated the applicable work order for cause and now seeks to recover in excess of $4.8 million, together with contractual interest, pre- and post-judgment interest, costs, and such other legal or equitable relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the

parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    Plaintiff Amazon is a Delaware limited liability company.  Plaintiff Amazon's sole member is Amazon.com Sales, Inc., which is a Delaware corporation that has its principal place of business in the State of Washington.  Therefore, Plaintiff Amazon is a citizen of the states of Delaware and Washington.

5.    Defendant ALK is a Florida limited liability company.  Upon information and belief, Defendant ALK's members are Alfonso Aleman and Karen Aleman, and Alfonso Aleman and Karen Aleman are domiciled in Florida.  Therefore, Defendant ALK is a citizen of Florida, and complete diversity exists between Plaintiff and Defendant.

6.    Defendant ALK entered into the Air Transportation Agreement with Plaintiff Amazon that governs the parties' relationship and the claims asserted in this action.  The Air Transportation Agreement provides that the parties irrevocably submit to the exclusive jurisdiction of the courts located in New York County, New York, for the resolution of any claim or dispute arising out of or in connection with the Air Transportation Agreement.  By agreeing to this mandatory forum-selection clause, Defendant ALK knowingly and voluntarily consented to the exercise of personal jurisdiction by courts located in New York County, including this Court, and waived any objection to personal jurisdiction, including any objection based on lack of minimum contacts, inconvenience, or forum non conveniens.

7.    The claims asserted in this action arise directly out of and relate to the Air Transportation Agreement and associated work order and Defendant's breach of its payment obligations thereunder and therefore fall squarely within the scope of the parties' jurisdictional consent.

8. The exercise of personal jurisdiction over Defendant ALK is consistent with due process. Defendant's consent to jurisdiction was part of a freely negotiated commercial agreement between sophisticated parties, and enforcement of the forum-selection clause is reasonable, foreseeable, and fair.

9. New York law recognizes and enforces contractual consent to personal jurisdiction, and such consent independently establishes personal jurisdiction without the need for additional minimum-contacts analysis.

10. Defendant's consent to jurisdiction is mandatory, exclusive, and irrevocable and bars any attempt to contest this Court's authority over Defendant.

11. Accordingly, Defendant ALK is subject to personal jurisdiction in this Court.

12. Venue is proper in this District pursuant to the parties' written agreement. The Air Transportation Agreement governing the parties' relationship provides that the parties irrevocably submit to the exclusive jurisdiction of the courts located in New York County, New York, for the resolution of any claim or dispute arising out of or in connection with the agreement.

13. New York County lies within the Southern District of New York. By agreeing to this forum-selection provision, Defendant expressly consented to venue in this District and waived any objection to venue, including any objection based on forum non conveniens or inconvenience of forum.

## THE PARTIES

14. Plaintiff Amazon provides, among other services, air cargo transportation and related logistics services to commercial customers. Amazon is not an airline or air carrier, rather Amazon owns/leases a fleet of aircraft and those aircraft are operated on Amazon's behalf by contracted air carriers. Through its air cargo operations, Amazon offers scheduled and charter air freight services on flights operated by its certificated air carrier partners for time-sensitive

shipments, as well as associated logistics support.  These services are provided pursuant to written transportation agreements and work orders that govern the scope of services, pricing, invoicing, and payment obligations, and are supported by Amazon's integrated transportation and logistics infrastructure.

15.    Defendant ALK engages in the business of logistics and cargo transportation coordination.  ALK represents itself as a provider of freight forwarding and air cargo logistics services, including the arrangement and coordination of time-sensitive cargo transportation for commercial customers.

**FACTUAL ALLEGATIONS**

**A.  The Governing Agreements**

16.    On November 5, 2024, Plaintiff Amazon and Defendant ALK entered into a written Air Transportation Agreement.  The Air Transportation Agreement governs Amazon's provision of air cargo transportation and related services to ALK and sets forth the parties' respective rights and obligations, including provisions addressing the scope of services, invoicing and payment terms, interest on late payments, allocation of risk, termination for cause, and governing law and venue.

17.    In connection with the Air Transportation Agreement, the parties executed Charter Work Order No. C-5 dated August 29, 2025 ("Work Order"), which incorporated the terms and conditions of the Air Transportation Agreement.

18.    The Work Order specified that Amazon would provide regularly scheduled international charter air cargo transportation services between Miami International Airport ("MIA") in Miami, Florida, and Las Américas International Airport ("SDQ") in Santo Domingo, Dominican Republic, in the form of one round-trip charter cargo flight per day (MIA-SDQ-MIA), seven days per week, with ALK having access to 100% of the cargo capacity on each flight, subject

to applicable safety, weather, and regulatory limitations.

### B. Amazon's Performance

19.    Beginning in or around August 2025 and continuing through December 2025, Amazon fully performed its obligations under the Air Transportation Agreement and the Work Order by arranging for and providing regularly scheduled charter air cargo transportation services for ALK.

20.    Pursuant to the Work Order, Amazon coordinated and arranged for the operation of Boeing 767-300 aircraft through its carrier partners on scheduled daily MIA–SDQ–MIA charter flight rotations.  For each scheduled flight, Amazon arranged aircraft, flight crews, maintenance, fueling, flight planning, landing and navigation services, and all other services that Amazon was required to provide in accordance with the Air Transportation Agreement and Work Order.

21.    In addition to the logistics for the charter flights, Amazon coordinated all ancillary services required under the Air Transportation Agreement and the Work Order, including aircraft handling, ground services, and airport coordination, among other services as set forth in the Work Order.

22.    Defendant ALK was responsible for arranging cargo and warehousing services as set forth in the Work Order, and ALK was obligated to reimburse Amazon for any charges Amazon incurred with respect to such services.  Consistent with this contractual framework, Amazon temporarily advanced certain pass-through charges for services that were ALK's responsibility—such as warehouse and security costs at MIA and SDQ—while coordinating a transition to direct billing between ALK and third-party service providers as contemplated by the Work Order.

23.    After the completed flights, Amazon issued detailed invoices to ALK identifying the Work Order, flight dates, routes, aircraft type, block hours, and base charter rates and, if

applicable, any pass-through charges or adjustments were included in the invoice.

24.     Amazon repeatedly provided ALK with written notice of the amounts due, payment deadlines, wiring instructions, and remittance requirements, and invited ALK to raise any questions regarding the invoices.  At no time did ALK dispute the accuracy of the services performed or the amounts invoiced.

### C. ALK's Non-Payment and Continuing Default

25.     Notwithstanding the absence of any dispute regarding Amazon's performance or the amounts invoiced, ALK nevertheless failed to timely satisfy its payment obligations under the Air Transportation Agreement and the applicable Work Order.

26.     Despite ALK's growing payment delinquencies, Amazon continued to provide charter services and related obligations for weeks, and in some instances months, after invoices became overdue, in an effort to preserve the commercial relationship and avoid disruption to ALK's cargo operations.

27.     During this period, Amazon repeatedly worked with ALK to structure interim payment arrangements, including daily per-flight wire confirmations and partial payments, while continuing to provide scheduled flights under the Work Order.

28.     Amazon had daily communications with ALK and, rather than terminating the Air Transportation Agreement and related work orders as a whole, Amazon arranged for flights based on ALK's promises that it would make the required payments, and Amazon cancelled only individual flights when it was clear ALK would not be paying.

29.     As ALK's payment delinquencies persisted, Amazon exercised its contractual rights under the Air Transportation Agreement by providing ALK with formal written notice of breach, identifying the specific unpaid amounts, the applicable Work Order, and ALK's continuing

default.

30.     Specifically, on November 7, 2025, while still continuing to provide services pursuant to the Work Order, Amazon issued its first written Notification of Breach of Charter Work Order No. C-5, advising ALK that it was in material breach of its payment obligations under the Air Transportation Agreement and the Work Order due to non-payment of invoiced fees.

31.     After ALK failed to cure its default, Amazon issued a second written Notification of Breach of Charter Work Order No. C-5 on November 19, 2025, again identifying ALK's unpaid balances and reiterating Amazon's contractual rights and remedies.

32.     When ALK continued to withhold payment, Amazon issued a third written Notification of Breach of Charter Work Order No. C-5 on November 21, 2025, confirming that ALK remained in continuing default and that failure to remit payment would result in termination and enforcement action.

33.     Notwithstanding these repeated notices of breach, and ALK's repeated assurances that it would make payments, ALK failed to bring its account current or otherwise cure its payment defaults.

**D.  <u>Termination for Cause</u>**

34.     The Air Transportation Agreement expressly provides that Amazon is entitled to terminate applicable work orders for cause upon ALK's failure to make timely payment, without prejudice to Amazon's right to pursue all available remedies to recover amounts owed.

35.     The Air Transportation Agreement also provides that amounts not paid when due accrue contractual interest.

36.     On December 19, 2025, after months of non-payment and three separate written breach notices, Amazon exercised its express contractual right under Air Transportation

Agreement § 8.2 and issued a written Termination of Charter Work Order No. C-5 for cause due to ALK's non-payment ("Termination").

37.    The December 19, 2025 Termination expressly provided that ALK's payment obligations survive termination and that Amazon reserved all rights to recover unpaid fees, cancellation costs, accrued interest, and other amounts owed under the Air Transportation Agreement and the Work Order.

38.    Following termination, Amazon continued to demand payment of the outstanding balance and, on February 3, 2026, issued a written request for payment advising ALK that its account remained substantially delinquent.

39.    On February 17, 2026, Amazon—through counsel—issued a final demand for immediate payment to ALK ("Final Demand"), confirming that ALK owed a total outstanding balance of $4,858,403.35, consisting of $4,787,768.56 in past-due amounts and $70,634.79 in current charges across twenty-three open invoices for services under the Work Order, twenty-two of which were past due.

40.    The February 17, 2026 Final Demand expressly stated that the amounts owed were undisputed, that interest continued to accrue pursuant to Air Transportation Agreement § 3.6, and that Amazon would pursue all available legal and equitable remedies—including litigation—absent immediate payment.

41.    ALK failed to remit payment in response to the Final Demand and remains in continuing default of its obligations under the Air Transportation Agreement and the Work Order.

E.  **Amazon's Satisfaction of All Conditions Precedent**

42.    All conditions precedent to Amazon's right to recover under the Air Transportation Agreement, the Work Order, and applicable law have been satisfied, excused, or waived.

43.     Amazon fully performed its obligations under the Air Transportation Agreement and the applicable Work Order, timely invoiced ALK for services rendered, and provided repeated written notices of breach identifying ALK's payment defaults, the amounts due, and Amazon's contractual rights and remedies.

44.     Amazon further provided ALK with multiple opportunities to cure its defaults prior to termination, and thereafter issued post-termination demands for payment, including a Final Demand for immediate payment.

45.     ALK failed to cure its defaults, failed to remit payment following notice and demand, and remains in continuing breach.  No further notice, demand, or condition precedent is required under the Air Transportation Agreement or applicable law.

**F.  Damages**

46.     As a direct and proximate result of ALK's breaches of the Air Transportation Agreement and the applicable Work Order, Amazon has suffered substantial damages.

47.     ALK has failed and refused to pay Amazon for air cargo transportation services and related charges that were fully performed and invoiced, resulting in unpaid principal balances totaling no less than $4,858,403.35.

48.     The unpaid amounts include charges for charter flight services, incurred pass-through costs, cancellation fees, and other amounts owed under the Air Transportation Agreement and the Work Order, all of which are due and payable.

49.     Pursuant to Air Transportation Agreement § 3.6, interest has accrued and continues to accrue on all overdue amounts at the contractual rate, and Amazon is entitled to recover all accrued and accruing interest through the date of judgment.

50.     Amazon has also incurred additional damages as a result of ALK's non-payment,

including administrative costs, collection efforts, and the loss of the benefit of its bargain under the Air Transportation Agreement and Work Order.

51.    Amazon is entitled to recover all damages available at law and in equity, including but not limited to unpaid principal, contractual interest, costs, and attorneys' fees to the extent permitted by applicable law, and such other relief as the Court deems just and proper.

52.    Amazon reserves the right to prove additional damages at trial, including interest amounts that continue to accrue as a result of ALK's ongoing non-payment.

## CLAIMS FOR RELIEF

### Count I - Breach of Contract

53.    Amazon repeats and realleges paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54.    The Air Transportation Agreement and the applicable Work Order constitute valid, enforceable, and binding contracts between Amazon and ALK, supported by adequate consideration.

55.    Amazon fully performed its obligations under the Air Transportation Agreement and the Work Order, including by providing the contracted air cargo transportation and related services, timely invoicing ALK for those services, and complying with all notice and enforcement provisions required under the governing agreements.

56.    ALK materially breached the Air Transportation Agreement and the Work Order by failing and refusing to pay amounts due and owing for services that were fully performed, invoiced, and undisputed.

57.    ALK's breaches were continuing and persisted despite repeated written notices of default, opportunities to cure, and post-termination demands for payment.

58.    As a direct and proximate result of ALK's breaches, Amazon has suffered damages

in an amount to be proven at trial, including unpaid principal, contractual interest, and other amounts recoverable under the Air Transportation Agreement, the Work Order, and applicable law.

### Count II – Account Stated

59. Amazon repeats and realleges paragraphs 1 through 58 of this Complaint as if fully set forth herein.

60. At all relevant times, Amazon rendered regular and detailed invoices and statements of account to ALK for air cargo transportation and related services provided pursuant to the Air Transportation Agreement and the applicable Work Order.

61. Each invoice accurately reflected the services performed, the applicable charges, and the amounts due, and was transmitted to ALK in accordance with the parties' established course of dealing.

62. ALK received and retained Amazon's invoices and statements of account without objection within a reasonable time and did not dispute the accuracy of the services rendered, the amounts billed, or the balances due.

63. By retaining the invoices without objection, and making partial and interim payments on certain invoices, ALK assented to the correctness of the stated accounts and acknowledged its obligation to pay the outstanding balances.

64. An account was therefore stated between Amazon and ALK for the unpaid amounts reflected in Amazon's invoices, which remain due and owing.

65. ALK has failed and refused to pay the balance of the stated account, despite repeated demands for payment.

66. As a result, Amazon has been damaged in an amount to be proven at trial, including the unpaid balance of the stated account and applicable interest.

-11-

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Amazon.com Services LLC respectfully requests that the Court

enter judgment in its favor and against Defendant ALK Global Logistics LLC as follows:

A.  Awarding Amazon compensatory damages in an amount to be proven at trial,

including unpaid principal and contractual interest;

B.  Awarding pre-judgment and post-judgment interest as permitted by the Air

Transportation Agreement and applicable law;

C.  Awarding costs and disbursements of this action;

D.  Granting such other and further relief as the Court deems just and proper.

Dated:  New York, New York           Respectfully submitted,
      May 13, 2026

                                 REED SMITH LLP


By: *s/ Loly Garcia Tor*
     Loly Garcia Tor
     ltor@reedsmith.com
     599 Lexington Avenue
     New York, New York 10022
     Telephone: (609) 514-5953


Attorneys for Plaintiff
AMAZON.COM SERVICES LLC